JOHN W. MUSSELMAN *v.* MATTIE W. KNOTT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—380.]

**Rescission of Contract for Fraud.**
> Where a contract is rescinded for fraud the chancellor should place the parties in statu quo as nearly as possible.

APPEAL FROM HARRISON CHANCERY COURT.

November 14, 1885.

OPINION BY JUDGE PRYOR:

It is evident that the appellees in this case were in want of money, and that there was no reason for their investing in the swamps of Missouri except their pecuniary condition that seems to have driven them to accept the loan from the appellant on any terms that he saw proper to suggest. They agreed to give him $1,200 for the Missouri land, that was not worth more than half that sum, for the loan of $1,800, and then executed a mortgage on their Kentucky home to secure the whole amount, $3,000.

While there is testimony showing that this land in Missouri was valuable when in the hands of the appellant, it seems to have increased in value always when disposed of by him to others. He sold to Trimble for $800 and bought it back for a mule worth only $125.

The chancellor did right in relieving the appellees from the oppressive transaction, but in doing so ought to have placed the parties in statu quo. In fact the appellees asked for a cancelment of the deed conveying the Missouri land, and this should have been done instead of permitting the appellees to retain this land by charging them with $200, its real value. The judgment is *reversed* and remanded with directions to cancel the deed and require the appellees to reconvey to the appellant the Missouri land. All the appellees should pay is the amount of the money loaned with legal interest. Having paid some of the money, the chancellor will as-

certain the balance due, if any, and foreclose the mortgage to that extent.

*West & Perrin, L. M. Martin, for appellant.*

*J. Q. Ward, for appellees.*